Case 4:22-cv-03041   Document 6   Filed on 11/14/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 14, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY M. WILLIAMS and CAMERON M. WILLIAMS, | § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. H-22-3041 |
| v. | § § | |
| BRIAN E. LEA, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

Timothy M. Williams and his son, Cameron M. Williams, have sued their landlord, Brian E. Lea, and allege that Lea breached the parties' residential lease agreement and filed an eviction proceeding against them after they complained of problems with their apartment. (Docket Entry No. 1). They seek monetary relief for their injuries of "emotional distress, fear, intimation, bullying, invasion of privacy, extortion, retaliation, defamation, and negligence" that they suffered because of Lea's conduct. (*Id.* at 5–6). They also seek punitive damages. (*Id.*). The plaintiffs and Lea are Texas citizens. (*Id.* at 3–4).

The plaintiffs allege that this court has subject-matter jurisdiction under 28 U.S.C. § 1331 because they assert claims under Title 42 of the United States Code, §§ 1983 and 1988. (*Id.* at 3). Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1988 is not itself a basis for a lawsuit; rather, it makes certain remedies available for a prevailing party in a civil rights suit. *Villegas v. Galloway*, 458 F.

App'x 334, 338 (5th Cir. 2012).

In their complaint and their amendment to the complaint, (Docket Entry Nos. 1, 5), Timothy and Cameron Williams allege that Lea is their landlord at 8110 Albacore Drive in Houston, Texas. They allege that Lea conducted unsuccessful or shoddy repairs to the apartment's electrical systems, air conditioning, and plumbing. They also allege that Lea improperly fined and charged them for repairs. The plaintiffs allege that, by taking these actions, Lea violated the parties' lease agreement.

A federal court has the "responsibility to consider the question of subject matter jurisdiction *sua sponte* [that is, on its own initiative] . . . and to dismiss any action if such jurisdiction is lacking." *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016) (internal quotation and citation omitted). See FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Trinity Marine Prod., Inc. v. United States*, 812 F.3d 481, 486 (5th Cir. 2016); *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014).

Timothy and Cameron Williams bring this action without the aid of an attorney, and therefore the court construes "[their] pleadings liberally." *Martin v. Harrison Cnty. Jail*, 975 F.2d 192 (5th Cir. 1992). Nevertheless, even construing the plaintiffs' complaint liberally, the court concludes that it lacks subject-matter jurisdiction over this case.

Although the plaintiffs allege that Lea has filed an eviction action and "has tried to use a Harris County Justice of the Peace to try and extort" them, Lea is a private landlord and not acting under color of law within the meaning of § 1983. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting reference omitted).  A person does not act under color of law—as required under § 1983—merely because he *uses* the law to wrong someone else, as the plaintiffs allege here.  None of the allegations in the complaint create the inference that Lea is "clothed with the authority of state law," as, for example, a police officer is when performing his duties.

The plaintiffs claim that Lea breached the parties' lease agreement and is improperly trying to evict them.  A claim for breach of a contract such as a lease agreement is a claim arising under state law and is not a "federal question" subject to the court's jurisdiction under 28 U.S.C. § 1331.  The complaint alleges that both the plaintiffs and Lea are Texas citizens, meaning that the court does not have diversity jurisdiction to hear the plaintiffs' state-law breach-of-contract claim under 28 U.S.C. § 1332.

The court dismisses the complaint, with prejudice, because it is plain that the court lacks subject-matter jurisdiction to hear Timothy and Cameron Williams' claim.  An order of dismissal will be separately entered.

SIGNED on November 14, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge